IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br> Plaintiff, )<br>  )<br>v.  )<br>  )<br>MICHAEL WILSON, )<br>  )<br> Defendant. ) | Case No. 15-30003 |

OPINION

RICHARD MILLS, United States District Judge:

Michael Wilson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Wilson also moves for a sentence reduction under the First Step Act.

I. BACKGROUND

In June 2016, following a guilty plea to possession with intent to distribute methamphetamine, Defendant Michael Wilson was sentenced to 144 months imprisonment. According to the Bureau of Prisons website, Wilson, who is now 44-years old, is serving his sentence at Milan FCI and has a projected release date of September 9, 2024. Wilson seeks compassionate release on the basis that his history of asthma and his status as a black man place him at high risk of severe illness or death from COVID-19.

1

The motion notes that while Wilson does not currently use an inhaler, his history of asthma is a factor that can increase his risk of severe illness or death from COVID-19. The CDC states that, "People with moderate-to-severe or uncontrolled asthma are more likely to be hospitalized from COVID-19." www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited February 14, 2022). The Defendant's motion also provides that black individuals and certain other racial and ethnic groups "experience higher rates of COVID-19-related hospitalization and death compared with non-Hispanic White populations." www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited February 14, 2022).

The Defendant's supplement provides that recently obtained medical records indicate that Wilson suffers from leukopenia, a disorder of the white blood cells.

The Government claims that Wilson does not have any medical conditions which put him at severe risk of severe illness from COVID-19. Moreover, the Government states that Wilson's record shows he would be a danger to the community upon release.

## II. DISCUSSION

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the

sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Wilson has exhausted his administrative remedies.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended,

there is not a policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id.* at 1181.

Wilson has not established extraordinary and compelling reasons which justify compassionate release. Given that Wilson does not use an inhaler, it appears that his asthma is relatively mild and not moderate or severe. Moreover, the CDC does not include leukopenia in the list of conditions that may result in a high risk for complications from COVID-19.

As for the Defendant's race, there is no evidence in the record that he has received a lower quality of health care than individuals of other races. Wilson's BOP medical records suggest that his medical needs have been addressed.

COVID-19 vaccines have become widely available since the Defendant's motion was fully briefed. Therefore, the likelihood of Wilson experiencing serious illness due to COVID-19 has diminished. The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release" for most prisoners. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id.* Moreover,

"vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The Defendant's vaccination status is unknown. However, the BOP website provides that over 70% of the inmates at FCI Milan are vaccinated. Presumably, the Defendant at least has had an opportunity to receive the vaccine if he wants it. The Court concludes that Wilson is unable to establish extraordinary and compelling reasons which warrant compassionate release.

Even if Wilson could establish extraordinary and compelling reasons, the Court is unable to conclude that compassionate release should be granted based on the sentencing factors under 18 U.S.C. § 3553(a). Wilson's criminal activity dates back to his teenage years. Wilson committed the drug offense for which he is now serving time just over one year after he was paroled following a home invasion conviction, an offense that resulted in bodily harm to the victims. Based on this history, the Court concludes that the relevant factors--including that the sentence should reflect the seriousness of the offense, provide just punishment, afford deterrence, and protect the public--weigh against compassionate release, even if the Defendant were able to establish extraordinary and compelling reasons.

Wilson also moved for a sentence reduction under section 404 of the First Step Act of 2018. Because Wilson was not convicted of an offense involving crack

cocaine, he was not sentenced for a "covered offense" under section 404(a) and is entitled to no relief under section 404(b). The Court will deny Wilson's *pro se* motion.

Ergo, the Motion of Defendant Michael Wilson for Compassionate Release under 18 U.S.C. § 3582 [d/e 46] is DENIED.

Defendant Michael Wilson's *Pro Se* Motion to Reduce Sentence pursuant to the First Step Act [d/e 42] is DENIED.

The Clerk will terminate Defendant Michael Wilson's *Pro Se* Motion for Compassionate Release [d/e 45].

ENTER: February 15, 2022

    FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge